IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-65,645-03 & WR-65,645-04






EX PARTE RONALD GILBERT, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 05-72651-V & 05-72772-V 


 IN THE 292ND DISTRICT COURT FROM DALLAS COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted, in two cause
numbers, of indecency with a child and sentenced to ninety years' imprisonment in each cause. The
Fifth Court of Appeals affirmed his convictions. Gilbert v. State, Nos. 05-08-00247-CR & 05-08-00248-CR (Tex. App.-Dallas July 31, 2009). 

 Applicant contends that his trial counsel rendered ineffective assistance because he did not
investigate Applicant's mental illness history or request a competency hearing and because counsel
failed to object to the outcry testimony of two witnesses. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant's trial counsel regarding Applicant's claims of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether counsel investigated Applicant's mental
health history. The trial court shall make findings as to whether counsel requested a psychiatric
evaluation or competency hearing for Applicant, and if not, why not. The trial court shall also make
findings as to whether more than one witness testified regarding the complainant's outcry and
whether counsel objected to any of that testimony. The trial court shall make findings of fact as to
whether the performance of Applicant's trial attorney was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 7, 2012

Do not publish